681 F.2d 546
 Bankr. L. Rep. P 68,763
In re Donald Glenn DAHLBERG and Sharon Lee Dahlberg, Bankrupts.
Jeffrey R. MARCUS, Trustee in Bankruptcy, Appellant,
v.
SAM T. DAVIS FARMS, INC., and Philip Eveloff, Appellees.
 No. 81-2256.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1982.
Decided June 28, 1982.
 
 Berman, DeLeve, Kuchan & Chapman, Ronald S. Weiss, Richard O. Slutzky, Kansas City, Mo., for appellees.
 Davis & Clayman, Kansas City, Mo., for appellant; Jeffrey R. Marcus, Kansas City, Mo., of counsel.
 Before McMILLIAN, Circuit Judge, STEPHENSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 STEPHENSON, Senior Circuit Judge.
 
 
 1
 The successor trustee in bankruptcy of the estate of Donald Glenn Dahlberg and Sharon Lee Dahlberg appeals the district court's[1] dismissal of his complaint for recovery of a $20,000 down payment made by the bankrupts on a farm. The court found that the complaint explicitly alleged recovery pursuant to 11 U.S.C. § 96 (1970) (section 60 of the pre-1978 Bankruptcy Act) and that the two-year statute of limitations barred the present suit. The trustee appeals arguing that the district court also should have construed the case to be filed under 11 U.S.C. § 110(a) (1970) (section 70 of the pre-1978 Bankruptcy Act) and should have applied a five-year statute of limitations. We affirm in part and reverse in part.
 
 
 2
 On October 15, 1976, the Dahlbergs entered into a contract with appellee Sam T. Davis Farms, Inc. (Davis) for the purchase of real estate in DeKalb County, Missouri. A total of $20,000 was paid as down payment. On September 8, 1977, the parties agreed to terminate the contract. Pursuant to this agreement, Dahlbergs were paid $700 for improvements to the property and were released from the contract of sale. In return, Davis retained the remainder of the $20,000 down payment.[2]
 
 
 3
 On October 26, 1977, the Dahlbergs filed petitions in bankruptcy. They were adjudicated bankrupt as of that date and granted discharges. On July 18, 1979, the bankruptcy case was closed. The $20,000 asset was not considered by the bankruptcy court in the distribution of assets.
 
 
 4
 The successor trustee in bankruptcy, Jeffrey R. Marcus, filed the present action in bankruptcy court on August 9, 1980, for recovery of the $20,000 which was not included in the bankrupt's estate during the prior proceeding. The bankruptcy court found summary jurisdiction lacking and transferred the case to the district court because of the dispute over whether the applicable statute of limitations was the general two-year bankruptcy provision, 11 U.S.C. § 29(e) (1970) (section 11(e) of the pre-1978 Bankruptcy Act), or a five-year property statute of limitations existing under Missouri law.
 
 The district court found:
 
 5
 The trustee's claim as explicitly alleged in his complaint in the instant case, arises under § 60 * * *. The two-year limitation is applicable and this action is therefore barred.
 
 
 6
 The issues presented on appeal are whether the district court erred (1) in finding the complaint did not state a claim under section 70 of the Bankruptcy Act and (2) in applying the two-year statute of limitations prescribed by section 11(e) of the Bankruptcy Act.
 
 Section 60
 
 7
 The district court found that the trustee had stated a claim under section 60.[3] The trustee does not dispute this. In fact, one allegation of the complaint is that the payment was a transfer voidable under section 60. However, the trustee argues that the complaint also stated a cause of action under section 70.
 
 
 8
 Even if section 60 were the sole provision to apply, the trustee contests the district court's application of a two-year statute of limitations. The district court stated:
 
 
 9
 The statute of limitations contained in § 11(e) provides that the trustee "may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings...." The date of adjudication in the instant case was October 26, 1977. The "critical question" in determining whether two years is the limitation or whether any "further period" applies is whether the trustee's action arises under the Bankruptcy Act or if it was "inherited" from the bankrupt or the bankrupt's creditors. Herget v. Central Nat'l Bank & Trust Co., 324 U.S. 4, 8-9 (65 S.Ct. 505, 507, 89 L.Ed. 656) (1945); Feldman v. First Nat'l City Bank, 511 F.2d 460, 463 (2d Cir. 1975). The trustee's claim as explicitly alleged in his complaint in the instant case, arises under § 60, as did that in Herget, supra. The two-year limitation is applicable and this action is therefore barred.
 
 
 10
 It is well settled that the statute of limitations contained in section 11(e) applies to suits brought on behalf of the estate by the receiver or trustee. See Herget v. Central National Bank & Trust Co., supra, 324 U.S. at 4, 65 S.Ct. at 505; 1A J. Moore, Collier on Bankruptcy P 11.13 (14th ed. 1978 & Supp. 1981).
 
 
 11
 The complaint and supporting materials clearly establish a claim arising under section 60 of the code. The district court was correct in concluding that the two-year statute of limitations prescribed in section 11(e) applied and barred the section 60 claim.
 
 Section 70
 
 12
 The trustee argues that the complaint set out, in addition to the section 60 claim, a cause of action under section 70 of the Bankruptcy Code. Although section 70 is not mentioned explicitly, the trustee contends that the allegations of the complaint outline a section 70 claim that is cognizable under the liberal rules of notice pleading.
 
 Section 70 provides:
 
 13
 The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * *.
 
 
 14
 The trustee points to paragraphs eight and eleven of the complaint as setting out his section 70 claim. These paragraphs stated:
 
 
 15
 8) That as of the execution of Exhibit B[4] the Bankrupts were entitled to all or part of the $20,000.00 which at the time of the filing of the Bankruptcy petitions herein, less than four months later, said interest in the $20,000.00 became the property of the Trustee in Bankruptcy.
 
 
 16
 11) Further that the forfeiture of all sums amounting to approximately $20,000.00 is an unreasonable penalty for default and for a condition of the subsequent release which is marked Exhibit B.
 
 
 17
 The trustee also notes that the bankruptcy judge relied on the jurisdictional grant of section 70(e) in his order finding a lack of summary jurisdiction and transferring the matter to the district court. The trustee concludes that because the transfer by the bankruptcy court was accomplished through section 70 and the district court also found that it had jurisdiction, the district court erred in not finding that the complaint stated a section 70 cause of action.
 
 
 18
 Appellees respond that the trustee did not plead a section 70 claim, even under the liberal pleading rules of Fed.R.Civ.P. 8 because the pleadings did not set out the claim with sufficient particularity to allow the appellee to properly respond. In general, appellees contend that the pleading did not provide fair notice of the claim.
 
 
 19
 The district court, in dismissing the complaint, found that a section 60 claim had been set out which was barred by the two-year statute of limitations, but it did not explicitly respond to appellees' section 70 claim.
 
 
 20
 We hold that the complaint, although not a model of clarity, sufficiently set out a section 70 claim. In reaching our conclusion, we note that the complaint provided the elements of the section 70 claim under the liberal rules of federal pleading. The federal rules of civil procedure require "all pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). "Notice pleading" is made possible by the liberal opportunities for discovery and other pretrial procedures. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
 
 
 21
 The complaint set out the parties involved in the suit, the payment, the date of the payment and the amount. Furthermore, it stated that the claim was "the property of the Trustee in Bankruptcy." Under the pre-1978 Bankruptcy Act, section 60 dealt with preferences whereas section 70 dealt with fraudulent conveyances and transfers. Yet the distinctions between the sections under the pre-1978 Act, were not always clear and, as in this case, where the claim was framed in terms that were applicable to both sections, the respondent should have been placed on notice that a cause of action may have been sought under either or both sections. See 3 J. Moore, supra, page 763, P 60.03.
 
 
 22
 There is evidence that the parties were fully aware of the section 70 claim. We note that the bankruptcy court recognized section 70(e) as a basis for transferring the case to the district court. This discussion by the bankruptcy court indicates that it deemed the issue of a section 70 claim to be sufficiently raised to provide a basis for jurisdiction. The issue of jurisdiction under section 70 was also raised before the district court and it found that it had jurisdiction over the case under section 70(e)(3). This use of section 70 as a basis for jurisdiction and the discussion of the issue by both sides below indicates that the parties and the courts were aware of the issue. It was, therefore, error for the district court to conclude that the pleadings did not provide sufficient information for the respondent to be placed on notice of the section 70 claim.
 
 
 23
 We affirm the district court's holding that the two-year statute of limitations prescribed in section 11(e) applied and barred the section 60 claim. However, the case is remanded to the district court for its consideration of the trustee's section 70 claim. We do not reach the issue of which statute of limitations applies under section 70 because the district court did not rule on this matter. We, therefore, remand for the court's determination as to whether the statute of limitations has run and, depending on the result, whether it should rule on the merits of the case under section 70.
 
 
 24
 Affirmed in part, reversed in part.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri
 
 
 [2]
 This agreement was referred to in the complaint as Exhibit B
 
 
 [3]
 Section 60 prohibits preferences "of any of the property of a creditor for or on account of an antecedent debt" made while the debtor was insolvent and within four months of the filing for bankruptcy and which enabled "such creditor to obtain a greater percentage of his debt than some other creditors of the same class."
 
 
 [4]
 See note 2, supra