EDWARD J. SCHWARTZ, Senior District Judge:
This is an appeal from a decision of a Bankruptcy Appellate Panel, 30 B.R. 546, reversing the decision of the Bankruptcy Court which had dismissed a bankruptcy petition. We have jurisdiction under 28 U.S.C. § 1293(a). Although our reasoning differs from that of the Bankruptcy Appellate Panel, we affirm that panel’s reversal and remand to the Bankruptcy Court.
FACTS
Appellees filed an involuntary bankruptcy petition against appellant under Chapter 7, Title 11, United States Code on May 5, 1980. Each of the three appellees alleged he was induced by appellant to subscribe and pay into a limited partnership in return for an agreement by appellant to place a ranch and certain personal assets into the partnership and that appellant “fraudulently” did not so place the assets. Appellees’ combined payments to the partnership allegedly exceeded $200,000.00.
The Bankruptcy Court treated appellees’ claims only as unadjudicated tort claims and held a hearing on March 24, 1981, to decide the “very narrow question” of whether appellant had admitted liability on the tort claims, so as to render them non-contingent. The bankruptcy judge stated that only if the claims were so shown to be non-contingent would he hear evidence on the issue of whether appellant was generally not paying his debts as they became due. The bankruptcy judge expressed the view that, based on the record then available, if appellees’ claims were non-contingent, the possibility would be raised that appellant was generally not paying his debts as they came due.
Later in the March 24 hearing, the bankruptcy judge explicitly recognized that ap-pellees were raising contract as well as tort claims. The record on appeal does not disclose whether the bankruptcy judge ever ruled on the objection by appellant that raising contract claims went beyond the scope of the pleadings.
The Bankruptcy Court concluded that ap-pellees were not holders of non-contingent claims as required by 11 U.S.C. § 303(b)(1), and dismissed appellees’ petition on April 29, 1981. The Bankruptcy Court’s Findings of Fact and Conclusions of Law also included a finding that appellees had not shown that appellant was generally not paying his debts as they became due.
On appeal, the Bankruptcy Appellate Panel (BAP) reversed, holding that appel-lees’ claims, treated again exclusively as tort claims, were non-contingent. The BAP approved the analysis in Matter of Covey, 650 F.2d 877 (7th Cir.1981), regarding inclusion of disputed debts in the “generally not paying” calculation, and remanded with the instruction that appellees’ claims should be included in the calculation of whether appellant was paying his debts as they became due unless the Bankruptcy Court *631 were to try the tort claims and find no liability.
STANDARD OF REVIEW
As stated in In re Comer, 723 F.2d 737, 739 (9th Cir.1984), this court is in as good a position as the BAP to review the Bankruptcy Court’s findings of fact, so the facts will be reviewed under the “clearly erroneous” standard. The Bankruptcy Court’s conclusions of law are subject to de novo review by this court. Id.
NON-CONTINGENCY OF CLAIMS
Unless there are fewer than twelve creditors, an involuntary bankruptcy petition must be filed by at least three creditors holding claims which are not contingent as to liability, and such claims must aggregate at least $5,000 more than any liens which secure the claims. 11 U.S.C. § 303(b)(1). Appellant’s only challenge to the validity of the petition centers on the question of whether appellees’ claims are contingent as to liability.
Appellees’ petition asserts contract claims at least as clearly as it alleges tort. Each appellee was allegedly induced by appellant to pay money as a subscription to the limited partnership “and in return for same [appellant] agreed to place into said partnership real estate and other property ... and that said debtor fraudulently did not place any assets into said partnership and has converted same fully to his own use.” The allegation that appellant failed to transfer the assets to the partnership would support either a tort or a breach of contract action.
If the Bankruptcy Court’s conclusion of law that appellees are not holders of non-contingent claims is viewed as tacitly sustaining appellant’s objection that assertion of contract claims would exceed the scope of the pleadings, the conclusion is incorrect. Liberality of construction and “notice pleading” apply to actions brought under the Bankruptcy Code. See In re Dahlberg, 681 F.2d 546, 549 (8th Cir.1982). The petition adequately pled breach of contract claims.
Appellant does not appear to contend that these contract claims are contingent, and we note that under the rule of In re All Media Properties, Inc., 5 B.R. 126 (Bkrtcy.S.D.Tex.1980), affirmed, 646 F.2d 193 (5th Cir.1981) (adopting the opinion of the bankruptcy judge), these are not contingent claims. The well-reasoned holding of All Media Properties was that a bona fide dispute over liability does not render a claim contingent. That court provided a definition of contingency:
claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.
In re All Media Properties, Inc., 5 B.R. 126, 133.
Because we find that appellees’ claims are non-contingent contract claims, it is unnecessary for us to resolve the question of whether tort claims may be non-contingent as to liability within the meaning of 11 U.S.C. § 303(b)(1). Therefore, we express no opinion on the analysis of the BAP regarding this issue.
“GENERALLY NOT PAYING DEBTS” CALCULATION
Under 11 U.S.C. § 303(h)(1), a Bankruptcy Court can grant relief on an involuntary petition only if the creditors show that the debtor was generally not paying his debts as they became due. The Bankruptcy Court entered a finding of fact that appel-lees did not show appellant’s general failure to pay his debts as they came due, a finding reversible only for clear error.
Appellees’ claims were not included in the calculation determining whether appellant was generally not paying his debts as they became due because the Bankruptcy *632 Court found these claims to be contingent. As noted earlier, appellees are asserting non-contingent contract claims as well as the tort claims considered by the Bankruptcy Court.
Appellant correctly argues that a finding that a debtor is generally not paying his debts requires a more general showing of the debtor’s financial condition and debt structure than merely establishing the existence of a few unpaid debts. In re All Media Properties, Inc., supra, 5 B.R. 126, 142, 143, 2 Collier on Bankruptcy U 303.-12[1] at 303-47 to 303-48 (15th ed. 1983). Appellees offer the persuasive response that, once it became clear that the Bankruptcy Court would not consider their claims in the generally not paying calculation, it was fruitless to proceed with an attempt to show appellant’s general debt structure.
We agree with the BAP that this case must be remanded to the Bankruptcy Court for a determination of whether to include appellees’ claims in the generally not paying debts calculation. Unlike the BAP, we do not adopt Matter of Covey, 650 F.2d 877 (7th Cir.1981) as the rule for making that determination where the claim is disputed as to liability. The Covey rule appears to lean too heavily toward favoring creditors’, as opposed to debtors’, interests. Also, we share Judge Friendly’s reservations that, whether “the treacherously simple statutory language will-support [Covey’s] so elaborate a gloss, we think it a bit early in the day to essay a ‘guideline’ opinion on this subject.” In re B.D. Intern. Discount Corp., 701 F.2d 1071, 1077 (2d Cir.1983).
Inclusion of disputed debts in the § 303(h)(1) generally not paying debts calculation involves difficult policy evaluations with little legislative guidance. In the absence of a preferable formulation, the rule to be applied by the Bankruptcy Court on remand is to balance the interests of the creditors against those of the debtor. Case law is developing along this line. See, e.g., In re R.N. Salem Corp., 29 B.R. 424, 429 (Bkrtcy.S.D.Ohio, W.D.1983).
In balancing the interests herein, the Bankruptcy Court should consider any underlying policies of bankruptcy law which may be implicated in these facts. We note that the property which is the subject of these disputed claims was used in what may be a preferential transfer. If such an improper transfer is found by the Bankruptcy Court, that would argue strongly in favor of inclusion of the disputed claims in the generally not paying debts calculation.
ATTORNEY’S FEES
An award of attorney’s fees under 11 U.S.C. § 303(i) depends upon dismissal of the petition. Because the dismissal is reversed, the Bankruptcy Court’s award of attorney’s fees is vacated.
CONCLUSIONS
Although, as indicated, our reasoning differs from the BAP, we agree that the Bankruptcy Court’s dismissal of this petition must be reversed and the case remanded for further proceedings.
On remand, the Bankruptcy Court should conduct a hearing to determine whether appellees’ disputed claims should be included in the generally not paying debts calculation. Then, irrespective of whether the disputed claims are so included, appellees should be afforded the opportunity to show that appellant was generally not paying his debts as they became due.
Affirmed.