**ECONOMY HOUSING COMPANY, INC., a Nebraska Corporation, Appellant,**

v.

**CONTINENTAL FOREST PRODUCTS, INC., a Corporation, Appellee.**

v.

**GIRARD CUSTOM COATERS, INC., a Corporation, The Sherwin-Williams Company, Inc., a Corporation and Publishers Forest Products Co. of Washington, a Corporation, Ronald Rosenberg, Amicus curiae/appellant.**

No. 84–1859.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 30, 1985.

Decided March 14, 1985.

Robert R. Gibson, Lincoln, Neb., for appellant.

Thomas R. Sattler, Lincoln, Neb., for appellee.

Before LAY, Chief Judge, and FAGG and BOWMAN, Circuit Judges.

LAY, Chief Judge.

Economy Housing Company, Inc. (Economy) appeals the district court's[1] grant of summary judgment in favor of Continental Forest Products, Inc. (Continental). The district court ruled the action was barred by the statute of limitations prescribed in Neb.Rev.Stat.U.C.C. § 2–725(1) (1980). The court found the complaint, which alleged a breach of implied warranties, was filed more than four years after the last delivery of the goods. The district court declined to apply the exception in Neb.Rev. Stat.U.C.C. § 2–725(2) (1980) for a warranty that "explicitly extends to future performance" of the product, under which a cause of action does not accrue until the breach is or should have been discovered.

The court found that the complaint alleged no explicit guarantee and that the implied warranty could not constitute the required guarantee. On appeal, Economy argues the district court should have invoked the discovery exception contained in section 2–725(2). Economy argues its cause of action did not accrue until the breach was discovered; and this suit, which was filed within four years of discovery, was therefore timely. We hold that the grant of summary judgment was inappropriate and therefore reverse the district court's judgment below.

■ In 1978, Economy contracted to purchase from Continental several thousand sheets of plywood. The complaint alleges that on April 28 and June 19, 1978, Continental delivered the plywood to Economy. The plywood was to be used in agricultural buildings and storage bins Economy built and sold to customers. In August 1979, Economy began receiving complaints from customers that paint was peeling from the plywood siding. After failing to resolve the problem with Continental, Economy filed this action on April 20, 1983. Continental asserted in its answer that the suit was barred by the statute of limitations in Neb.U.C.C. § 2–725. On October 7, 1983, Continental filed a motion for summary judgment. The district court on May 31, 1984 granted Continental's motion for summary judgment on the basis of the facts established by the pleadings.[2]

■ In order to invoke the discovery exception of Neb.U.C.C. § 2–725(2),[3] the pur-

---

**1.** The Honorable Warren K. Urbom, United States Chief District Judge for the District of Nebraska.

**2.** Economy argues on appeal that because the district court decided the motion for summary judgment "without reference to any materials outside the pleadings," the motion should have been treated as a motion to dismiss under Federal Rule of Civil Procedure 12, and Economy should have been given the opportunity to amend its complaint. Based on the designated record on appeal it appears Continental filed a motion for summary judgment under Rule 56 and a brief in support of the motion therewith. We find the district court properly treated the

motion as a motion for summary judgment. The language of Rule 56(b) makes clear that the moving party need not support its motion for summary judgment by affidavits. *See Chambers v. United States*, 357 F.2d 224, 227 (8th Cir.1966). We further note, however, that the law does not require the party opposing the motion, as an absolute necessity, to present affidavits in order to avoid a summary judgment. *Lundeen v. Cordner*, 356 F.2d 169, 170 (8th Cir.1966).

**3.** Neb.U.C.C. § 2–725 states in part:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the

chaser must show that the seller gave a warranty explicitly extending to the future performance of the product, and that any defects in the product would not be discoverable until the anticipated future performance had occurred. Continental relies on *Grand Island School District # 2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979), for the proposition that in Nebraska an implied warranty cannot be a "warranty [that] explicitly extends to future performance of the goods." In the *Celotex* case, a manufacturer of roofing materials had given a guarantee bond under which it promised to repair leaks in the roof caused by ordinary wear and tear for a period of twenty years. The buyer contended the bond constituted an explicit warranty guaranteeing the future performance of the goods. The Nebraska Supreme Court rejected the argument, noting that the bond was limited in amount and that under its terms the surety promised only to repair leaks in the roof which were caused by ordinary wear and tear for a specified period. The court found that the bond did not constitute a warranty as to the future performance of the goods. The court stated that the discovery exception to Neb.U.C.C. § 2–725(2) "applies only where the seller *explicitly* states, for example, that the product will 'last for 10 years.'" *Id.* at 568, 279 N.W.2d at 609 (emphasis in original).

In *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 332 N.W.2d 212 (1983), the Nebraska Supreme Court refined the rule of *Grand Island School District.* In *Moore*, the purchasers pleaded an implied warranty theory against the manufacturer of lauan siding, which the buyers had purchased for use on their house. The manufacturer affirmatively pleaded that the action for breach of implied warranties of merchantability and fitness for a particular purpose was barred by the statute of limitations under Neb.U.C.C. § 2–725. After proceeding to trial, the parties stipulated that the trial court could take judicial notice that siding is ordinarily supposed to "last the life of the house." The Nebraska Supreme Court found that the seller had given an express oral warranty under Neb. Rev.Stat.U.C.C. § 2–313 (1980) when it represented that the product was "siding."[4] Noting that the parties had stipulated that siding is expected to last the life of the house, the court held that the description of the goods as "siding" created an express warranty that explicitly extended to the future performance of the siding. "[I]n light of the expectations of the parties, the warranty * * * extended explicitly to future performance." Under these circumstances, the buyers' cause of action was found not to accrue until the breach was discovered.

At this juncture of the case, in reviewing the trial court's grant of summary judgment, we find Continental has not established the right to a judgment with such clarity that there is no room for controversy. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984); *Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir.1982); *Snell v. United States*, 680 F.2d 545, 547 (8th Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 344, 74

---

original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

**4.** Express warranties are governed by Neb.U.C.C. § 2–313, which provides in part:

(1) Express warranties by the seller are created as follows:

\* \* \* \* \* \*

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

\* \* \* \* \* \*

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty * * *.

L.Ed.2d 384 (1982). In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings and affidavits. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). In reviewing a decision of the district court to grant summary judgment, we apply the same standard as the trial court. *Id.; Butler v. MFA Life Insurance Co.*, 591 F.2d 448, 451 (8th Cir.1979). Summary judgment should not be entered unless the pleadings, stipulations, affidavits, and admissions in the case show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). Although Economy failed to resist Continental's motion for summary judgment, *see* Fed.R.Civ.P. 56(e), we think the description of the goods in the complaint, in light of *Moore*, raised a genuine issue of material fact as to whether the limitations period had run.

■ We do not bind Economy to the precise warranty theory alleged in its complaint. Although Economy pleaded an implied rather than an express warranty, it is not necessarily precluded from demonstrating a warranty that explicitly extends to future performance of the goods within the meaning of Neb.U.C.C. § 2–725. In *Moore*, the Nebraska Supreme Court stated:

> Pleadings frame the issues upon which a cause is to be tried and advise the adversary as to what he must meet. However, it is the facts well pleaded, not the theory of recovery or legal conclusions, which state a cause of action. The facts well pleaded in this case served to put Puget Sound on notice of what it was

called upon to meet; it was in no way misled by the word "implied."

214 Neb. at 18, 332 N.W.2d at 215 (citations omitted). Economy contends that the product was expressly described in invoices which referred to "exterior" siding; and that Continental's representation of the product as plywood panels, in light of the parties' expectations that the product was to be used in agricultural buildings and storage bins, gave rise to a warranty that explicitly extended to the future performance of the panels. We find the facts sufficiently pleaded in the complaint to put Continental on notice that Economy was relying on a warranty that explicitly extended to future performance.[5]

Accordingly, we hold that summary judgment was improperly granted. We reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

---

5. While the court in *Moore* was, of course, applying Nebraska pleading rules, the federal courts, under the liberality of "notice pleading" would not hold otherwise. *See* Fed.R.Civ.P. 8(f)

("All pleadings shall be so construed as to do substantial justice."); *In re Dahlberg*, 681 F.2d 546, 549 (8th Cir.1982).