525 A.2d 28

Solar Construction Company, Inc., Petitioner *v.* Department of General Services, Respondent

Submitted on briefs November 21, 1986, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*James R. Barozzini*, for petitioner.

*Thomas M. Devlin*, Assistant Counsel, with him, *Anthony P. Krzywicki*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 4, 1987:

Solar Construction Company, Inc. (Solar), appeals here an order of the Board of Claims (Board) dismissing its claim against the Department of General Services (Department) for failing to file its claim within the six-month statute of limitations period. We will affirm.

The facts underlying this case are somewhat complex. The Department and Solar contracted on March 19, 1980, for Solar to perform electrical work at the Western Psychiatric Institute and Clinic in Pittsburgh. The contract was to run two hundred sixty days from the initial job conference to a completion date of January 8, 1981. During the course of the contract, on November 20, 1980, Solar petitioned for relief under Chapter 11 of the Bankruptcy Code[1] and was declared a debtor in possession. On April 20, 1981, the Department notified Solar that it had been declared in default on the contract. No further payments were made to Solar after that date and its surety, American Fidelity

---

[1] 11 U.S.C. §§1101-1174.

Fire Insurance Company, entered the job site and completed the project. On August 10, 1981, Solar's Chapter 11 bankruptcy proceeding was converted to a Chapter 7[2] bankruptcy proceeding and a trustee was appointed. Solar obtained from the bankruptcy trustee permission to file its claim against the Department on November 30, 1982. Solar filed the claim on April 22, 1983. The Department filed preliminary objections to Solar's claim citing, among other things, the statute of limitations. The Board dismissed the preliminary objection based upon the statute of limitations on the ground the Board felt the statute of limitations was properly raisable as an affirmative defense in a responsive pleading and not by preliminary objection. The Department then filed a responsive pleading in which it raised the issue of the statute of limitations as an affirmative defense and moved for Judgment on the Pleadings. The Board denied the Department's motion and Solar was permitted to present its case. On April 17, 1985, at the close of Solar's case, the Department moved to dismiss the claim on the basis of a lack of jurisdiction based upon the statute of limitations. The Board granted the motion and issued a Rule Nisi. On November 12, 1985, the Board made the Rule Nisi absolute and dismissed Solar's claim. This appeal followed.

In this appeal, Solar makes numerous assignments of error that we shall discuss in turn. We are also mindful that pursuant to our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we are required to affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law committed, or one of Solar's constitutional rights violated.

---

[2] 11 U.S.C. §§701-766.

Solar's first contention is that the Board erred in determining its cause of action accrued on April 20, 1981, when the Department notified Solar that it would no longer be paid. Solar contends that the Department waived the statute of limitations by continuing to correspond with it and failing to schedule a pre-claim conference as provided in the construction contract. We agree with the Board that Solar's claim accrued on April 20, 1981, the date the Department declared it in default.

The case law provides that a claim under Section 6 of the Act of May 20, 1937 (Act), P.L. 728, *as amended,* 72 P.S. §4651-6, commences at the point a party is capable of formulating the detailed statement of claim required by Section 6. *Department of Transportation v. Cumberland Construction Co.,* 90 Pa. Commonwealth Ct. 273, 494 A.2d 520 (1985), *petition for allowance of appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987); *Department of Public Welfare v. Federated Security, Inc.,* 49 Pa. Commonwealth Ct. 411, 411 A.2d 284 (1980). On April 20, 1981, Solar was informed that it would no longer receive any payments under the contract of March 19, 1980. At that point in time, it was capable of computing with sufficient detail any claims it had against the Department since its surety, as of that date, took its place under the contract and completed the work. We also note that in presenting its case before the Board, all damages claimed by Solar were incurred prior to the declaration of default on April 20, 1981.

We must also reject Solar's contention that the Department's refusal to schedule a pre-claim hearing constituted a waiver of the six-month statute of limitations. When Solar was declared in default on April 20, 1981, its contract with the Department terminated and its surety stepped into its shoes and completed the work Solar was obligated to perform under the contract. The Department had effectively denied Solar's request for a pre-claim hearing on April 24, 1981. After its con-

tract termination and the denial of its request for a pre-claim hearing, Solar's sole remedy was to file a claim with the Board within six months as required by 72 P.S. §4651-6.

Solar next contends that the Department waived the defense of the statute of limitations. A cursory review of the record before the Board indicates how patently frivolous this contention is. From the beginning of this litigation, the Department has been consistently and diligently pressing the defense of the statute of limitations. It originally presented it as a preliminary objection and later presented it as an affirmative defense in a responsive pleading when the Board held that the statute of limitations must be presented in a responsive pleading. When the Department moved for judgment on the pleadings, the Board denied its motion expressly to hear evidence and arguments on the effect of Solar's bankruptcy on the accruing of its claim and the pertinent statute of limitations for filing its claim. Upon the conclusion of Solar's presentation of its case, the Department again moved for judgment based upon the statute of limitations and a lack of jurisdiction on the part of the Board. At that time, the Board had heard sufficient evidence to make a decision on the statute of limitations issue and determined Solar's claim was untimely and it was without jurisdiction to hear the claim. Accordingly, we find that there has been no waiver of the defense of the statute of limitations on the part of the Department. We further find that the Board's prior denials of the Department's preliminary objections and motion for judgment on the pleadings do not constitute *res judicata* or collateral estoppel for purposes of the Department again raising the defense at the close of Solar's case.

The remainder of Solar's contentions regard its contention that its bankruptcy proceedings extended the time in which it had to file its claim under 72 P.S. §4651-6. Initially, it points to Section 362(a)(3) of the

Bankruptcy Code, 11 U.S.C. §362(a)(3), arguing that the automatic stay provisions suspended the actions of the Department to declare it in default. Our reading of Section 362(a)(3) convinces us that it is inapplicable to Solar's circumstances. Section 362(a)(3) grants an automatic stay of proceedings of "any act to obtain possession of property of the [bankrupt's] estate or of property from the estate or to exercise control over property of the estate." In the instant case, the Department did not seek to possess or exert control over any property of Solar. The Department simply terminated a contractual relationship with Solar due to Solar's default in the performance of that contract. The Department declared Solar in default and substituted its surety for it in order to complete the contract. We conclude that Section 362(a)(3) is inapplicable to the case at bar.

In the alternative, Solar argues that Section 108(a) and (b) of the Bankruptcy Code, 11 U.S.C. §108(a) and (b), act to extend the statute of limitations to make Solar's claim timely. Our review of the case law is that Section 108(a) and (b) are also inapplicable to the present case. Section 108(a) and (b) reads as follows:

> §108. *Extension of time*
>
> (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, *the trustee* may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.
>
> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding,

or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, *the trustee* may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief. (Emphasis added.)

Solar's reliance upon Section 108 is misplaced. First, by its clear terms, Section 108's extension of time is applicable only to the *trustee,* not the debtor. *See e.g. In re Dahlberg,* 681 F.2d 546 (8th Cir. 1982); *Matter of Dohm,* 14 Bank.R. 701 (D.Ill. 981); *In re Craig,* 7 Bank. R. 864 (D.Tenn. 1980). The present action is brought not by the trustee, but by the debtor. While the Eighth Circuit Court of Appeals has interpreted this provision to be applicable to debtors in possession in Chapter 11 proceedings, *In re Martinson,* 731 F.2d 543 (8th Cir. 1984), Solar was no longer a debtor in possession at the time it brought this claim on April 22, 1983. It lost that status on August 10, 1981, when it converted its Chapter 11 proceeding to a Chapter 7 and a trustee was appointed. Thus, only the trustee is allowed to extend the time in which to file a claim with the Board.

We also note that Solar's claim would have been untimely had it been brought by the trustee. Section 108 permits the trustee to bring a claim within two years of the order for relief or within the applicable limitations period, whichever is later. The order for relief in Solar's case was entered on November 20, 1980, the date Solar

filed its original petition as the conversion from Chapter 11 to Chapter 7 related back to the filing of the original petition. *Cf. Matter of Steen,* 399 F. Supp. 494 (D.Nev. 1975) (proceeding under 1898 Bankruptcy Act). Thus, the latest the trustee could have brought Solar's claim against the Department was November 20, 1982, two years after the original order for relief was granted. The trustee did not authorize Solar to file the claim on its own behalf until November 30, 1982, ten days after the last day on which the trustee could have filed the claim under 11 U.S.C. §108. Therefore, the claim was untimely and the Board correctly held that it was without jurisdiction to hear Solar's claim on the merits.

Accordingly, the Board's order dismissing Solar's claim as untimely filed will be affirmed.

## ORDER

Now, May 4, 1987, the Order of the Board of Claims at Docket No. 881, dated November 12, 1985, is hereby affirmed.