527 A.2d 1094

Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* School District of Philadelphia, Respondent.

Argued April 21, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Roger T. Margolis,* Senior Attorney, with him, *William D. Lenahan,* for petitioner.

*Patricia A. Donovan,* Assistant General Counsel, with her, *Andrew Rosen,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 25, 1987:

The Department of Public Welfare (Department) appeals a Board of Claims (Board) order directing it to reimburse the School District of Philadelphia funds improperly retained pursuant to 1980-81 and 1981-82 public welfare contracts. We reverse.

The two contracts controlled the Commonwealth's contributions to the School District's Get Set Day Care Program. For both contract years, the Department deducted monies for days schools were closed due to teacher strikes. Some $1,269,072, plus interest, is at issue herein.

The Board reasoned that the Department utilized improper methodology in deducting billed costs and hence it ordered that both contract years be fully funded.

In this appeal, the Department contends that the Board lacked jurisdiction over the matters because the School District complaints were not timely filed and that the Board committed an error of law in its interpretation of specific contractual provisions.[1]

---

[1] Specifically, the Department contends that it had the right to adjust payments for failure of the contractor to deliver services. Moreover, it argues that the Board erred by holding that the strikes

Our scope of review of a final Board determination is limited to whether an error of law was committed or whether a necessary finding of fact was unsupported by substantial record evidence. *Department of Public Welfare v. Divine Providence Hospital,* 101 Pa. Commonwealth Ct. 248, 516 A.2d 82 (1986).

Section 6 of the Act of May 20, 1937 (Act), P.L. 728, *as amended,* 72 P.S. §4651-6, provides that:

The board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued. The claimants shall advise the department involved, in writing, of such claim, specifying the details thereof, and shall, within the same period, file with the secretary of the board a concise and specific written statement of this claim, signed and verified by the claimant before an officer authorized to administer oaths.

The Board's findings state that the Department "officially" notified[2] the School District of a reduction by letter dated November 4, 1981, and that a final reduced payment under the contract was received November 30, 1981. The School District, through Associate Superintendent Constance E. Clayton (Dr. Clayton), requested a meeting to discuss the withholdings by letter dated February 9, 1982. A conference between the parties was held on June 11, 1982, the outcome of which

---

were unforeseen events which excused the School District's nonperformance. The Department also relies on the Lapse Act, 72 P.S. §4651-6, to argue that the lack of funding for the appropriation years under review excuses its payment performance.

[2] The Board's finding of fact no. 4 reads, specifically: "By letter of November 4, 1981, the Department of Public Welfare officially notified the School District of Philadelphia of this reduction in the contract amount."

produced no substantive change in the Department's position.

As to the second contract year at issue, the Department by letter dated January 5, 1982, advised the School District of a reduction of an amount certain due to the 1981 fall school strike. By letter dated April 27, 1982, the Department further explained its calculations supporting the deduction.

Dissatisfied with the results of the June 11, 1982 conference as to both contract years, the School District requested the Department's Office of Legal Counsel for a determination regarding the adjustments. Chief Counsel to the Department responded by letter of January 19, 1983, reaffirming the deductions.

The School District filed its complaints with the Board on March 2 and 4, 1983, for contract years 1980-81 and 1981-82, respectively.

The Board concluded that these claims were timely filed under Section 6 of the Act because only the Chief Counsel's correspondence constituted a final determination and because the withholdings were adjusted by the Department in July and September, 1982.

Section 6 has been interpreted as deeming a cause of action to accrue when the injured party is first able to litigate its claim. *Department of Community Affairs v. Craftech International, Ltd.,* 72 Pa. Commonwealth Ct. 162, 165-66, 456 A.2d 247, 249 (1983). Litigation is viable when the amount due under the claim is known and a concise and specific written statement detailing the injury is preparable. *Id.*

The Department contends that the School District was in a position to litigate its claims on or about November 4, 1981 (for 1980-81) and January 5, 1982 (for 1981-82), respectively. We agree.

The above-referenced letters, written by Rosemary Hake, the Department's Southeastern Regional Program

Manager for Children, Youth and Families to Dr. Clayton, informed the School District that a definitive amount would not be appropriated and cited its reasons therefor. Both letters make reference to the school strikes and the closing of certain program sites. Work sheets were attached which broke down the deducted amounts to days of closure, associated per diem costs, and a total. Partial services provided were so noted. We hold that the Board erred in concluding that these letters did not ripen the School District's claims.

The reliance by the Board upon subsequent changes to the figures contained in the work sheets is misplaced. The adjustments were minor mathematical corrections which represented only two percent of the deducted monies. More importantly, the adjustments did not represent substantive changes in the Department's position.

The Board also erred in concluding that only the Chief Counsel's letter constituted a final determination which made the School District's claim actionable. The Board reasoned that in the absence of a letter from the Department's Deputy Secretary, who was a signator to the contract, the regional supervisor was without authority to reduce contract appropriations. However, this reasoning is inconsistent with the supervisor's testimony and the prior practice of the parties. Ms. Hake testified that she signed the notice letters after appropriate review by the Harrisburg office. Moreover, all pertinent budgetary correspondence between the parties was addressed to either Dr. Clayton or Rosemary Hake. This evidence refutes the School District's contention that only the Chief Counsel's letter put it on official notice of the deductions.

In *Solar Construction Co. v. Department of General Services,* 105 Pa. Commonwealth Ct. 609, 525 A.2d 28 (1987), this Court recently rejected an argument by the

claimant that the Commonwealth could waive the statute of limitations by continuing to correspond with a contractor after appropriate notice. Likewise, the Department's actions in this case were not dilatory or evasive so as to invoke the doctrine of equitable estoppel as found in *Craftech*.

We conclude that the Board erred as a matter of law in concluding that the claims were timely filed.[3] Reversed.

### ORDER

The orders of the Commonwealth of Pennsylvania, Board of Claims, at Docket Nos. 873 and 875 dated March 31, 1986, are reversed.

---

[3] For this reason, we find no need to address the District's remaining contentions.