**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 4, AFL–CIO, and Michael Barber, Plaintiffs,**

v.

**KTVI–TV, a Missouri Corporation, Defendant.**

**No. 89–0481C(6).**

United States District Court, E.D. Missouri, E.D.

April 22, 1991.

Jerome Diekemper, Diekemper, Hammond, Shinners, Turcotte & Larrew, St. Louis, Mo., for plaintiffs.

D. Michael Linihan, Terry Potter, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant KTVI–TV's (KTVI) motions for summary judgment and to strike plaintiffs' request for attorneys' fees. Plaintiffs, International Brotherhood of Electrical Workers, Local No. 4, AFL–CIO (Union) and Michael Barber (Barber), seek an order compelling arbitration of Barber's discharge grievance. In the alternative, the Union and Barber allege that KTVI breached the collective bargaining agreement by discharging Barber in retaliation for activities purportedly protected under the non-discrimination clause contained in that agreement.

The employer KTVI has moved for summary judgment asserting that Barber's discharge pursuant to the quality clause of the collective bargaining agreement is not arbitrable. In addition, defendant contends that plaintiffs' claim for breach of the collective bargaining agreement pursuant to

section 301 of the Labor Management Relations Act is either premature or, if ripe, without merit.

As a preliminary matter the Court will address the nature of defendant's motion. Defendant has styled the motion as a motion for summary judgment. Plaintiffs contend that defendant's failure to file an answer or other "responsive pleading" prior to the filing of the motion for summary judgment constitutes an admission of all the allegations in the complaint and necessitates a determination that plaintiffs are entitled to judgment on the liability issues in this action. The Court finds this contention destitute of merit. Pursuant to Federal Rule of Civil Procedure 12(b), a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment "if matters outside the pleading are presented to and not excluded by the court." Therefore, defendant's motion for summary judgment is a proper mode of responding to a complaint before the filing of the answer, although it might more properly be styled a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment. Accordingly, the Court will grant defendant's request for leave to amend the style of its motion to include a reference to Fed.R.Civ.P. 12(b)(6).

In Count I of their complaint plaintiffs seek an order compelling arbitration of plaintiff Michael Barber's discharge grievance. In its motion for summary judgment, defendant contends that the discharge grievance is not arbitrable.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Security Savings v. Kansas Bankers Surety Co.*, 849 F.2d 345, 349 (8th Cir. 1988); *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the nonmov-

ing party. *Holloway v. Lockhart*, 813 F.2d 874, 876 (8th Cir.1987); *Economy Housing Co. v. Continental Forest Products, Inc.*, 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The undisputed facts are as follows: Prior to his discharge on December 9, 1988, plaintiff Michael Barber was employed by KTVI as a news camera person for five and one-half years. At the time of his termination plaintiff received a letter from KTVI advising him that in the opinion of KTVI "[he] had failed to meet acceptable standards of quality with regard to his performance in the line of duty." *See* Exh. 1 to Plaintiff's Aff. At that time plaintiff also received a check for all moneys due him including regular and special severance pay. On December 17, 1988, in response to his request, plaintiff received a service letter which cited the following reasons for discharge: 1) generally unsatisfactory work performance in 1988 as evidenced by an "uncooperative non-participative [sic] attitude"; 2) a November 22, 1988 incident in which plaintiff allegedly refused to accept an assignment; and 3) plaintiff's departure from work on December 1, 1988 due to an alleged illness.

Plaintiff contests each of these reasons for discharge and asserts that he was discharged for questioning a job assignment that represented a policy change between the engineers bargaining unit and the camerapersons bargaining unit. After he re-

ceived the service letter, plaintiff filed a grievance contending that his discharge violated a provision of the collective bargaining agreement which prohibits the employer from discriminating against employees for exercising their rights under the collective bargaining agreement. The Union refused to arbitrate the grievance and plaintiff filed suit.

The collective bargaining agreement provides for the arbitration of "disputes on specific questions arising [thereunder]." Section 3.02(a). Within the arbitration provisions of the collective bargaining agreement, a grievance is defined as "an individual employee's or the Union's dispute concerning the meaning or interpretation" of the agreement. *Id.*

Defendant asserts that Barber was discharged for failing to perform his duties in a satisfactory manner. Defendants further contend that the following provision of the collective bargaining agreement, referred to as the "quality clause" governs Barber's discharge:

> **Section 8.04(a)** The Employer shall have the right to discharge any Employee for just cause. Just cause may include performance in the line of duty which, in the opinion of the Employer, fails to meet acceptable standards of quality, and a discharge for that reason will not be subject to grievance or arbitration as long as the Employer pays to an Employee discharged for that reason the increased Special Severance Pay provided in Section 8.04(c) in addition to all regular severance pay allowed the Employee under Section 8.02(c).

At the time of Barber's discharge defendant cited this provision as the basis for discharge and paid Barber the severance pay required by the provision. Defendant contends that this provision vests the determination of "just cause" for discharge within the sole discretion of the Employer. In addition, defendant contends that the invocation of the quality clause as the basis for discharge bars arbitration of the discharge grievance.

In response, plaintiffs contend that Barber's discharge grievance is arbitrable.

Plaintiffs assert that defendant had no good faith basis for invoking the quality clause. They contend that Barber was actually discharged for questioning the propriety of a job assignment with respect to the division of duties between engineers and camerapersons mandated by the collective bargaining agreement. Therefore, plaintiffs contend that Barber's discharge violates Section 11.01, the nondiscrimination clause of the collective bargaining agreement. This provision specifically prohibits discrimination against an employee for "anything said, written or done in furtherance of the authorized and legal policies of the Union." Section 11.01. In essence, plaintiffs challenge defendant's assertion of the quality clause as the basis for Barber's discharge and contend that Barber was discharged because he questioned defendant's compliance with the collective bargaining agreement.

 Whether the parties have a duty to arbitrate a particular dispute is a question for the district court rather than the arbitrator. *See MT Properties v. Transportation Communications Int.*, 914 F.2d 1083, 1091 (8th Cir.1990) (citing *AT & T Technologies v. Communication Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). In *AT & T Technologies v. Communication Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court articulated the factors which the district court should consider in making this determination. The Court emphasized that arbitration is a matter of contract and that a party cannot be required to submit a dispute to arbitration unless there is an agreement to do so. *Id.* at 648, 106 S.Ct. at 1418. The existence of a contractual arbitration clause creates a presumption of arbitrability such that arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 650, 106 S.Ct. at 1419 (citations omitted), *Quoted in MT Properties*, 914 F.2d at 1091. Finally, a court must avoid ruling on the merits of the underlying claim when deciding whether the parties have agreed to

submit that dispute to arbitration. *AT & T Technologies*, 475 U.S. at 649, 106 S.Ct. at 1418.

 Applying these principles to the matter at hand, the Court finds that Section 3.02 of the collective bargaining agreement gives rise to a presumption in favor of arbitration. Nevertheless, defendant asserts that the collective bargaining agreement unambiguously precludes arbitration of discharges pursuant to the quality clause. The Court disagrees with this contention. Defendant's interpretation of the agreement would permit the employer to nullify the arbitration clause and the anti-discrimination clause by invoking the quality clause and making special severance payments. In addition, defendant's interpretation would permit the employer to invoke the quality clause whether or not the employee's performance was unacceptable and would allow the employer to forestall a claim that the anti-discrimination clause had been violated by invoking the quality clause instead. These inconsistencies persuade the Court that an ambiguity exists concerning the interpretation of the contract in situations such as this where the employee contends that the quality clause has not been invoked in good faith.

In Count II of their complaint plaintiffs allege that KTVI breached the collective bargaining agreement by discharging plaintiff in violation of the non-discrimination clause. The employer contends that this claim is premature until such time as the arbitral procedures have been exhausted. Plaintiffs argue that they are not required to exhaust the contractual grievance procedures in this instance because KTVI has repudiated the contract by refusing to arbitrate the discharge grievance.

The Court concludes that Count II must be stayed pending the resolution of the arbitral proceedings because the subject of the arbitrator's determination, the cause of Barber's discharge, is a necessary element of plaintiffs' claim in Count II. *See Wilkes–Barre Pub. v. Newspaper Guild*, 647 F.2d 372, 382–83 (3d Cir.1981).

Defendant has also moved to strike plaintiffs' prayers for attorneys fees in Counts I and II of plaintiff's complaint. Because plaintiffs have alleged bad faith in each of the aforementioned counts, the motion will be denied without prejudice to refiling at such time as the arbitral procedures have been completed and the Court can make a finding with respect to the good or bad faith of the defendant.