790 F.Supp. 898 (1992)
Gary C. JOHNSON, Sr., Plaintiff,
v.
Robin VONDERA, et al., Defendants.
No. 91-0045C(6).
United States District Court, E.D. Missouri, E.D.
May 13, 1992.
Elizabeth H. Hayashi, St. Louis, Mo., (Court-appointed), for plaintiff.
Nelson Mitten, Riezman & Blitz, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendants Robin Vondera, Judy Jackson and Billy Davis for summary judgment. In this action plaintiff Gary Johnson, an inmate at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri, seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983. Johnson alleges that defendants, employees of MECC, deprived him of his constitutional rights under the eighth and fourteenth amendments by failing to fully implement a course of treatment prescribed by a prison physician for a back injury.
Upon review of the memoranda, affidavits, exhibits, deposition transcripts and discovery responses on file, the Court finds the following undisputed facts. On November *899 26, 1990, Johnson slipped and fell in the steam room at MECC injuring his left hip and lower back. On the day of the fall Johnson was seen in the medical unit at MECC. X-rays taken of his hip and lower back on that date revealed no broken bones or evidence of dislocation. Johnson was given Motrin and granted a one day medical lay-in.
On November 27, 1990, Johnson submitted a medical services request form (MSR) and was seen by a nurse at sick call for continued back pain. At that time Johnson's medical lay-in was extended for another day. On November 29, 1990, Dr. Robert Hoffman, the prison physician, examined Johnson. He found no bruising, swelling or impairment of range of motion. Dr. Hoffman prescribed Motrin, A-balm and ordered three whirlpool bath treatments. Dr. Hoffman also ordered an additional one day medical lay-in.
On November 29, 1990, while Johnson was still on medical lay-in, defendant Davis, a correctional officer at MECC, conducted a search of plaintiff's cell. During the search Johnson was required to remain outside of his cell. Johnson contends that he was suffering severe pain at the time of the search and that Davis refused to allow him to obtain a chair from his cell so that he could sit in the hallway during the course of the search. A disturbance ensued and Johnson was issued a conduct rule violation report. He was immediately assigned to temporary administrative segregation. On December 3, 1990, prison officials convened a hearing on Johnson's alleged conduct rule violation. Johnson was found guilty and assigned to disciplinary segregation for five days.
Throughout December 1990 Johnson submitted additional MSRs in which he complained of neck pain, headache and blurred vision. Dr. Hoffman examined Johnson and obtained reports from a radiologist and a neurologist concerning these symptoms. Dr. Hoffman concluded that these complaints were attributable to the presence of bullet fragments from an old gunshot wound which were lodged in soft tissue at the base of the skull. On the basis of the information garnered, Dr. Hoffman and the consulting neurologist also concluded that it was not medically necessary to remove the fragments or otherwise treat Johnson for these complaints. See Defendant's Exhibit C at p. 25 lines 4-11.
The parties agree that Johnson did not receive whirlpool treatments during his confinement in temporary administrative segregation or disciplinary segregation. He asserts that at least once during the period between November 29, 1990, and December 3, 1990, he informed Vondera, a nurse at MECC, that he had not received his whirlpool treatments. Johnson further asserts that Vondera ignored his request and thereby exhibited deliberate indifference to a serious medical need. Johnson also contends that twice during the relevant time period he informed Judy Jackson, a nurse at MECC, of his need to report for whirlpool treatments. On one occasion Jackson allegedly instructed Johnson to fill out an MSR. At the time of his second request, Johnson asserts that Jackson told him that she would "inform the staff."
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir.1988); Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the nonmoving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

*900 The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
In their motion for summary judgment defendants assert 1) that plaintiff has failed to demonstrate a serious medical need for the whirlpool treatments and 2) that their conduct does not amount to deliberate indifference. In response Johnson asserts that defendants acted in contravention of Dr. Hoffman's orders and that their failure to fully implement the prescribed treatment amounts to deliberate indifference.
Johnson correctly asserts that the failure to implement a physician's orders may in some instances give rise to an eighth amendment violation. See LaFaut v. Smith, 834 F.2d 389 (4th Cir.1987); Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971). However, upon review of the record before it, the Court concludes that Davis' conduct does not amount to deliberate indifference to a serious medical need. Davis' refusal to allow Johnson access to his cell or to allow him to rest in a chair during the period of the search did not contravene Dr. Hoffman's orders. Plaintiff has offered no evidence to support his contention that the medical lay-in ordered by Dr. Hoffman required plaintiff to refrain from standing at all times. See Defendant's Exhibit C at p. 13 lines 20-21. Moreover, there is no indication that Davis had specific knowledge of Johnson's injury or that he had been assigned a medical lay-in. In the absence of such knowledge Davis' conduct cannot be characterized as willful or deliberate.
The Court further concludes that Vondera and Jackson are entitled to summary judgment on Johnson's claims against them because Johnson has not established a serious medical need for the whirlpool treatments at issue here. In Laaman v. Helgemoe, 437 F.Supp. 269, 311 (D.N.H.1977), the United States District Court for New Hampshire set forth a reasonable standard for the determination of a serious medical need stating that such a need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." On deposition Dr. Hoffman testified that the whirlpool treatments were prescribed to make Johnson "a little more comfortable" during the healing process but that they have no curative effect. See Defendant's Exhibit C at p. 18 lines 5-11. Dr. Hoffman's deposition testimony further indicates that the whirlpool treatments were prescribed as a palliative measure and that they were not "medically necessary" to effect healing. Id. at lines 23-25.
This is not a case where a serious injury was left untreated. It is undisputed that Johnson promptly received diagnostic X-rays and treatment in the form of Motrin, A-Balm and a medical lay-in. In this context the failure to implement a medically unnecessary treatment simply does not rise to the level of deliberate indifference.
Finally, in the absence of a showing of deliberate indifference on the part of the defendants with respect to the denial of the whirlpool treatments, the Court notes that there is no causal link between defendants' conduct and Johnson's allegations of continuing back pain after December 6, 1990. Accordingly, the Court concludes that defendants are entitled to judgment as a matter of law with respect to these allegations.