Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* Francis J. Moran, Respondent.

Argued June 4, 1984, before Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Stanley Slipsocoff,* with him, *Bruce G. Baron,* Assistant Counsel, for petitioner.

*Rick E. Eslinger,* for respondent.

OPINION BY JUDGE COLINS, August 17, 1984:

The Department of Public Welfare (DPW), petitioner, appeals the order and decision of the Board of Claims (Board) awarding One Thousand Seven

Hundred and Seventy-six Dollars ($1,776.00) plus interest to Francis J. Moran, respondent, for attorney's fees.

The respondent entered into a contingency fee agreement[1] with Frances H. Bass to represent her before the United States Social Security Administration. On October 24, 1978, the respondent filed the appropriate notice of appointment with the Administration's Bureau of Hearings and Appeals.

On April 24, 1979, the Administration notified the respondent's client, but not the respondent, that an award of Six Thousand Seven Hundred Forty-two Dollars and Forty Cents ($6,742.40) was being sent to DPW, and that she would receive the balance of this award, if any, after DPW had offset the money previously advanced to her.

It was not until January of 1981 that the respondent was informed by his client that she had received the April 24, 1979, notice in addition to One Thousand Four Hundred Twelve Dollars and Forty Cents ($1,-412.40)[2] from DPW. After learning about this award, the respondent tried to ascertain why he had not been notified by the Administration of its decision and why he had not been sent the forms necessary to obtain his attorney's fees.

The Administration informed the respondent that the matter was out of its hands and that he would have to contact DPW. The respondent promptly notified DPW of his claim.

On April 30, 1981, the respondent received a letter from DPW's legal counsel informing him that DPW

---

[1] The respondent's fee agreement with Frances Bass was for one-third (1/3) of the award received by Ms. Bass from DPW.

[2] This amount represents Ms. Bass' refund after offset of the total amount of state assistance benefits which she received while her Social Security Administration claim was being pursued.

agreed that he was entitled to attorney's fees. However, DPW stated that since it had only received seventy-nine percent (79%) of the Social Security Administration benefits ($5,330.00), it would only pay seventy-nine percent (79%) of the respondent's legal fees, or One Thousand Seven Hundred and Seventy-six Dollars ($1,776.00). DPW also told the respondent that, since it was not authorized to directly pay claims of this kind, he would have to file with the Board of Claims. On June 2, 1981, the respondent filed a claim with the Board.

DPW filed preliminary objections opposing the respondent's claim. These were denied by the Board of Claims. The Board also subsequently awarded the respondent One Thousand Seven Hundred and Seventy-six Dollars ($1,776.00), plus six percent (6%) interest per annum computed from April 30, 1981. It is from this order that DPW now appeals.

"Under our established scope of review, we must affirm the Board [of Claims] unless we find that its order is not in accordance with the law or that there is not substantial evidence to support the findings of fact." *Commonwealth of Pennsylvania, State Highway and Bridge Authority v. Albrecht Co.*, 59 Pa. Commonwealth Ct. 246, 255, 430 A.2d 328, 332 (1981).

DPW first argues that the Board of Claims lacked subject matter jurisdiction to adjudicate the respondent's claim for attorney's fees. We disagree.

The legislature has provided that: "[T]he Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to Three Hundred Dollars or more."[3] Both

---

[3] Act of May 20, 1937, P.L. 728, §4, *as amended*, 72 P.S. §4651-4. (Supp. 1981-82).

this Court and the Supreme Court have held that the Board of Claims has exclusive jurisdiction over all contractual claims, either expressed or implied. *Smock v. Department of Public Welfare*, 57 Pa. Commonwealth Ct. 67, 425 A.2d 883, *aff'd* 496 Pa. 206, 436 A.2d 615 (1981).

In the instant case, a quasi-contract[4] existed between DPW and the respondent. Solely as a result of the respondent's efforts, DPW received the sum of Five Thousand Three Hundred and Thirty Dollars ($5,330.00). To allow DPW to retain this entire amount without compensating the respondent for his efforts would offend all notions of fairness.[5] As the respondent's claim is also in excess of Three Hundred Dollars ($300.00), it follows that exclusive jurisdiction to hear it is in the Board of Claims.

DPW next contends that the respondent's entitlement to attorney's fees is precluded by Federal law because he never got his fee approved by the Social Security Administration.[6]

We agree with the Board of Claims that DPW is estopped from arguing technical noncompliance. In reliance upon DPW's April 30, 1981, letter, which stated that the respondent was entitled to One Thousand Seven Hundred and Seventy-six Dollars ($1,776.00), the respondent refrained from seeking ap-

---

[4] Quasi-contracts are contracts implied in law. They are created by law for reasons of justice.

*Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 259 A.2d 443 (1969).

In *Smock v. Department of Public Welfare*, 57 Pa. Commonwealth Ct. 67, 425 A.2d 883, *aff'd* 496 Pa. 206, 436 A.2d 615 (1981), this Court specifically stated that the Board of Claims has jurisdiction over quasi-contracts.

[5] "Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other." *Meehan v. Cheltenham Township*, 410 Pa. 446, 449, 189 A.2d 593, 595 (1963).

[6] 20 C.F.R. §416.1520 (1983).

558

proval of his fee by the Social Security Administration. By the time the respondent learned that DPW intended to contest his fee award, the 'Social Security Administration had already relinquished jurisdiction and the case was closed.

We feel that there is substantial evidence to support the Board of Claims' findings of fact.

Accordingly, we affirm the Board's decision.

ORDER

AND Now, August 17, 1984, the order of the Board of Claims, No. FC-221-81, dated March 3, 1983, is hereby affirmed.