542 A.2d 226

Commonwealth of Pennsylvania, Department of Public Welfare, Petitioner *v.* R. Lee Ziegler, Respondent.

Argued April 21, 1988, before Judges MACPHAIL and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

80

*Mary Benefield Seiverling,* Assistant Counsel, for petitioner.

*R. Lee Ziegler,* respondent, for himself.

OPINION BY JUDGE MACPHAIL, June 10, 1988:

Petitioner Department of Public Welfare (DPW) appeals an order of the Board of Claims (Board) which awarded attorney fees to R. Lee Ziegler (Respondent). For the reasons set forth below, we vacate the Board's order and dismiss the suit.

Respondent entered into an attorney-client relationship with Stephen Harris in July of 1982, in order to obtain unemployment compensation benefits for Harris. He appeared at a referee's hearing on Harris' behalf and then appealed an adverse decision to the Unemployment Compensation Board of Review (UCBR). When Harris was again denied benefits, Respondent filed a petition for review with this Court. The matter was eventually remitted to the UCBR, and, on November 4, 1983, Harris was awarded benefits in the amount of $8,249.78.

On November 18, 1983, Respondent discovered that Harris had assigned his claim to DPW because, un-

known to Respondent, Harris was a public assistance recipient. The amount of $4,356.00 was subsequently paid to DPW. Respondent requested from DPW a portion of this amount as legal fees in letters dated November 21, 1983; January 10, 1984; February 21, 1984; and March 12, 1984.

Respondent received no response from DPW until March 27, 1984, when it informed him that "there is no authority under which the Department may award a fee for your representation of Stephen Harris." Exhibit E, R.R. at 9a. DPW's letter stated further that the unemployment compensation referee has statutory and regulatory authority[1] to award compensation and that DPW cannot determine appropriate fees without an award from a referee. On November 20, 1984, Respondent filed a petition for approval of counsel fees with the UCBR. In a letter dated December 13, 1984, the UCBR informed Respondent that it did not need to approve his counsel fees because there was no issue raised as to the amount of fees. *See* 34 Pa. Code §101.41(a).

On December 20, 1984, Respondent filed a claim against DPW with the Board in the amount of $1,793.09.[2] Following the dismissal of DPW's preliminary objections and the filing of an answer and new matter, the claim was heard before a hearing panel of the Board. The panel, after hearing the evidence of Respondent and Harris, opined that Respondent should receive his claimed attorney fees. Relying on the decision of this Court in *Department of Public Welfare v. Moran,* 84

---

[1] *See* Section 702 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §862; and 34 Pa. Code §101.41.

[2] This figure represents 52.8% of Respondent's total fees from Harris' case, the percentage of Harris' unemployment award of $8,249.78 which was paid over to DPW.

Pa. Commonwealth Ct. 554, 480 A.2d 356 (1984),[3] the Board concluded that Respondent was entitled to recover his fees from DPW and ordered DPW to pay him $1,798.52, plus interest. DPW has appealed this June 23, 1987 order to our Court.

The sole issue before us is the timeliness of Respondent's claim, filed with the Board on December 20, 1984, an issue raised by DPW in new matter in its answer to Respondent's claim, but not addressed by the Board in its adjudication. We agree with DPW that Respondent's claim was not timely and that, therefore, the Board was without jurisdiction.

Section 6 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-6, provides that the Board "shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued." We have interpreted this section as deeming a cause of action to accrue when the injured party is first able to litigate a claim, *i.e.,* when the amount due under the claim is known and a concise and specific written statement detailing the injury is preparable. *Department of Public Welfare v. School District of Philadelphia,* 107 Pa. Commonwealth Ct. 117, 527 A.2d 1094 (1987). The statute of limitations runs from the time a Board claimant is affirmatively notified that he will not be paid by the Commonwealth. *Department of Reve-*

---

[3] In *Moran,* an attorney representing a social security claimant obtained an award which was transferred to DPW. We concluded that the attorney had a quasi-contract with DPW within the Board's jurisdiction and that he was entitled to his fee from the award because "[t]o allow DPW to retain this entire amount without compensating the respondent [attorney] for his efforts would offend all notions of fairness." 84 Pa. Commonwealth Ct. at 557, 480 A.2d at 358 (footnote omitted).

*nue, Bureau of State Lotteries v. Irwin,* 82 Pa. Commonwealth Ct. 266, 475 A.2d 902 (1984).

DPW contends that Respondent's claim with the Board accrued when he received DPW's letter of March 27, 1984. In this letter, DPW's Director of Fraud, Abuse, Investigations and Restitution informed Respondent that "the Department must respectfully deny your claim for an attorney's fee for your representation of Stephen Harris." We agree with DPW that this was an unequivocal denial of fees and that, accordingly, Respondent should have filed his claim with the Board within six months of March 27, 1984.

Respondent argues that DPW should be estopped from raising the statute of limitations on Board claims because it ignored three of his letters and, when it finally did respond, responded in "administrative doubletalk". We do not believe there was anything in DPW's March 27, 1984 letter that should have confused or misled Respondent. This letter did not direct Respondent to file a motion for approval of fees, but only informed Respondent that the unemployment compensation referee has the authority to award attorney fees in unemployment proceedings, and not DPW.

We are satisfied that this is not a situation where DPW intentionally misled Respondent or misrepresented to him the status of his claim. There is nothing in DPW's conduct to suggest the "fraud or concealment" necessary to support the application of the doctrine of estoppel as our courts have required under other circumstances. *See Department of Public Welfare v. UEC, Inc.,* 483 Pa. 503, 397 A.2d 779 (1979); *Department of Community Affairs v. Craftech International,* 72 Pa. Commonwealth Ct. 162, 456 A.2d 247 (1983).

Accordingly, we conclude that Respondent's claim, filed with the Board on December 20, 1984, was not filed within six months of March 27, 1984, the date on

which his claim against DPW accrued. The Board, therefore, was without jurisdiction over Respondent's untimely claim.

## ORDER

The order of the Board of Claims in the above-captioned proceeding is vacated, and the suit is dismissed.