IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Batuhan Dogrusoz,                             :
                        Petitioner            :
        v.                                    :   No. 230 M.D. 2023
                                              :
PA Department of Labor and Industry,          :
UC Board of Review and                        :
PA Department of Labor and Industry,          :
Office of Unemployment                        :
Compensation,                                 :
                        Respondents           :   Submitted: April 9, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                    FILED: September 9, 2024


        Before the Court are Preliminary Objections filed by the Pennsylvania

Department of Labor and Industry, Unemployment Compensation Board of Review

(Board) and Preliminary Objections filed by the Pennsylvania Department of Labor

and Industry, Office of Unemployment Compensation (Department) to Batuhan

Dogrusoz's (Claimant) "Complaint in Mandamus" (Petition for Review).[1] Because

Claimant failed to exhaust the statutory remedy afforded to him by the

---

[1] Claimant's initiating document is titled "Complaint in Mandamus" which is procedurally incorrect under the Pennsylvania Rules of Appellate Procedure. *See* Pa. R.A.P. 1502 ("original jurisdiction actions of equity, replevin, mandamus, and quo warranto . . . are replaced by the petition for review"). Therefore, the Court refers to the initiating document by its proper title, a Petition for Review. *See* Pa. R.A.P. 1503 ("If a filing should be labeled a petition for review, but is not, this alone shall not be a ground for dismissal. The filing shall be regarded and acted upon as a petition for review. . . .").

Unemployment Compensation Law (UC Law),[2] the Board's preliminary objection on that basis is sustained and Claimant's Petition for Review is dismissed.

**Background**

Claimant's Petition for Review alleges as follows. In March 2020, Claimant applied for Pandemic Unemployment Assistance[3] (PUA) benefits with the Department.[4] Petition for Review ¶ 4. On May 7, 2020, Claimant received a notice of determination awarding him $195.00 per week, the minimum PUA benefit amount, effective March 15, 2020. *Id.* ¶ 6. In early June 2020, Claimant's PUA benefits were increased to $322.00 per week, retroactive to March 15, 2020, without explanation. *Id.* ¶ 7. On October 2, 2020, Claimant received an email advising that his PUA benefits were being reduced back to $195.00 per week and directing him to provide additional income information by the end of calendar year 2020 to obtain a redetermination of benefits. *Id.* ¶ 9. On October 5, 2020, Claimant's access to his PUA benefits portal was terminated and he was unable to review or upload documents relevant to his claim. *Id.* ¶ 10. By email dated December 27, 2020, Claimant submitted additional income information to the Department. *Id.* ¶ 11.

Claimant received a Notice of Determination from the Department dated June 16, 2021, issuing a non-fraud overpayment (Overpayment Determination) in the

---

[2] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

[3] In response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. 116-136, 15 U.S.C. §§ 9001-9141. Section 2102 of the CARES Act, 15 U.S.C. § 9021, permits states to administer claims for and payment of Pandemic Unemployment Assistance (PUA) to certain individuals generally ineligible for unemployment compensation under state law.

[4] The Department is the bureau that reviews claims for unemployment compensation benefits, including PUA benefits, and issues initial determinations regarding eligibility. *See* Section 501 of the UC Law, 43 P.S. § 821.

amount of $5,292.00 for excess PUA benefits paid. *Id.* ¶ 12. Claimant sent an email dated July 1, 2021, appealing the Overpayment Determination, and requesting a redetermination of his benefits. *Id.* On August 24, 2021, Claimant's counsel submitted a letter supplementing Claimant's July 1, 2021 appeal. *Id.* ¶ 16. Counsel's letter requested a recalculation of benefits and payment of PUA benefits that Claimant never received from weeks beginning September 27, 2020, through August 27, 2021. *Id.*

A telephone hearing was conducted before Referee Kimberly Weikel on December 2, 2021. On January 4, 2022, Referee Weikel issued three decisions that affirmed the Department's determinations and concluded that Claimant was entitled to PUA benefits in the amount of $195.00 for weeks ending March 21, 2020, through and including September 26, 2020, and that Claimant had a non-fraud overpayment in the amount of $5,292.00 for the overpayment of benefits during that period. Referee Weikel advised that "[i]f [C]laimant believes that repayment of the PUA overpayment will cause a financial hardship, [C]laimant may wish to follow up with the UC Service Center on a request for waiver of the overpayment. *Id.*, Exhibit B (Referee's 1/4/2022 Decision at 5).[5]

On January 13, 2022, Claimant's counsel sent a letter to the UC Service Center requesting the emergent distribution of unpaid PUA benefits from September 27, 2020, through August 27, 2021, to Claimant, and a waiver of the Overpayment Determination. *Id.* ¶ 25 & Exhibit B. Counsel further requested that Claimant be

---

[5] Claimant notes that Referee Weikel's decision did not explain the cessation of Claimant's benefits from September 27, 2020, until August 27, 2021, and the termination of his PUA portal access from October 2020 until early August 2021. Petition for Review ¶ 21. Claimant submits he remained eligible but could not request and did not receive the minimum PUA weekly benefit amount of $195.00 for approximately 48 weeks. *Id.* ¶ 22. During that same time, he avers he was entitled to the federal Continued Assistance of Unemployed Workers Act benefits in the amount of $300.00 per week. *Id.*

awarded the unpaid PUA benefits without offset for interim earnings, because Claimant was left with no choice but to work at great risk to his health and against his doctor's medical directive due to the unexplained cessation of his PUA benefits and inability to access his PUA portal. *Id.* ¶¶ 25, 26, 27, Exhibit B.[6]

On February 14, 2022, the UC Service Center issued a denial of Claimant's request for waiver of the Overpayment Determination. *Id.* ¶ 30. Claimant appealed on March 1, 2022. *Id.*, Exhibit C. On April 14, 2022, Claimant received an "Acknowledgement of Receipt of PUA Appeal from the UC Board of Review" (Acknowledgement) which treated Claimant's January 13, 2022 letter to the UC Service Center as an appeal of Referee Weikel's decision. *Id.*, Exhibit D. Claimant avers he never appealed Referee Weikel's decision to the Board. *Id.* ¶ 31.

The Acknowledgement stated that the Board would consider the entire record before Referee Weikel in reaching its decision but did not specifically commit to addressing the two issues that Claimant wanted addressed: the denial of Claimant's request for waiver of the Overpayment Determination and Claimant's request for the payment of unpaid PUA benefits from September 27, 2020, through August 27, 2021, without offset. *Id.* ¶ 32, Exhibit D. Accordingly, on April 26, 2022, Claimant's counsel sent another letter in response to the Board's Acknowledgement in which he expressed concern that the Board did not reference the specific issues Claimant wished to raise for review. *Id.*, Exhibit E.

On September 19, 2022, the Board issued a decision and order affirming Referee Weikel's determination. *Id.* ¶ 34. There, the Board stated:

---

[6] Claimant's Counsel specifically requested payment of $24,255.00 in PUA and federal unemployment benefits and asserted those benefits must be immediately paid outright without offset of any of Claimant's interim earnings during that time period.

On appeal to the Board, [C]laimant concedes that the Referee's findings and conclusions regarding his net income and weekly benefit amount are correct. However, [C]laimant requests that the Board award him benefits that he did not receive from September 27, 2020, until August 26, 2021 [sic]. As explained by the Referee during the hearing, [C]laimant's request to be awarded benefits for that time period was not part of the appealed determinations, and that request must be considered by the [Department] Service Center in the first instance.

[Claimant] also requests that his earnings not be used as an offset against any benefits to which he is entitled (and did not yet receive). The Board notes that [] Claimant's entitlement to any benefits which he did not yet receive is not before it, for the reasons stated above.

Finally, [C]laimant acknowledges the amount of the overpayment he received was correct, as found by the Referee, but requests a waiver of the overpayment. As the Referee indicated in her decision, that request must first be made to the Department's Service Center. Because that request was not before the Referee, and is thus not currently before the Board, the Board makes no determination as to whether [C]laimant is entitled to a waiver of his overpayment.

*Id.*, Exhibit F (Board's 9/19/2022 Decision and Order at 1-2). Claimant filed a request for reconsideration with the Board on September 19, 2022. *Id.* ¶ 35. The Board issued a summary affirmance of its decision on October 18, 2022.

On September 26, 2022, Claimant received a distribution of $5,113.71 in PUA benefits, which represented PUA benefits for the time period of September 27, 2020, through August 27, 2021, minus the offsets for the Overpayment Determination and Claimant's interim earnings during that time period. *Id.* ¶ 36. On November 2, 2022, Claimant's counsel wrote a letter to the Board, copying Referee Weikel and the UC Service Center, requesting a hearing on the issues of (1) the requested waiver

5

of Overpayment Determination; and (2) payment of PUA benefits with interest and without offset for interim earnings for September 27, 2020, through August 27, 2021. *Id.* ¶ 37, Exhibit F. In response, Claimant was directed to contact the UC Service Center. *Id.* ¶ 38. On December 21, 2022, Claimant received an email in reply to his inquiry from UC Help stating that a decision was rendered in his case and the appeal is complete. *Id.*, Exhibit G.

On these alleged facts, Claimant filed a single-count Petition for Review in the nature of mandamus, asking this Court to award damages in the amount of approximately $50,000 plus attorney's fees and costs, or to direct the Department to conduct a referee hearing and to issue the amounts offset from Claimant's PUA benefits, plus interest, for the period of September 27, 2020, through August 27, 2021. Petition for Review, Wherefore Clause. Claimant submits his right to a timely hearing on the issues of his request for waiver of overpayment and the payment of his unpaid PUA benefits without offset for interim earnings is clear based on his right of due process under the Fourteenth Amendment to the United States Constitution, U.S Const. amend. XIV. Claimant argues he has no adequate remedy at law to compel the Department and Board to perform their administrative and constitutional duty to conduct a referee hearing and the associated appeal process to evaluate the evidence and legal arguments in support of Claimant's claim. Thus, a writ of mandamus is the proper remedy to compel review of this evidence and grant the requested relief. The act requested is ministerial in nature and seeks the performance of a non-discretionary function, *i.e.*, a referee hearing and performance of a full and fair evaluation of Claimant's evidence.

**Preliminary Objections**

In response to the Petition for Review, the Department and the Board filed Preliminary Objections.[7] The Department objects on the grounds that (1) Claimant's request for mandamus relief is legally insufficient, and (2) the Petition for Review is insufficiently pleaded. Pa.R.Civ.P. 1028(a)(3), (4). The Board objects on the grounds that (1) this Court lacks subject matter jurisdiction, (2) the Petition for Review fails to state a cognizable claim, and (3) Claimant failed to exhaust administrative remedies. Pa.R.Civ.P. 1028(a)(1), (4), (7). The Department and the Board ask this Court to dismiss Claimant's Petition for Review.

**Analysis**

In reviewing preliminary objections, all material facts averred in the petition for review, and all reasonable inferences that can be drawn from them, are admitted as true. *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232 (Pa. 1983); *Fletcher v. Pa. Prop. & Cas. Ins. Guar. Ass'n*, 914 A.2d 477, 479 n. 2 (Pa. Cmwlth.

---

[7] Preliminary objections are governed by Rule 1028 of the Pennsylvania Rules of Civil Procedure, which provides, in relevant part:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> > ****
> > (3) insufficient specificity in a pleading;
>
> > (4) legal insufficiency of a pleading (demurrer);
>
> > ****
> > (7) failure to exercise or exhaust a statutory remedy[.]

Pa.R.Civ.P. 1028(a)(1), (3), (4), (7).

2007), *aff'd,* 985 A.2d 678 (Pa. 2009). However, a court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Portalatin v. Dep't of Corr.*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009). "Preliminary objections should be sustained only in cases that are clear and free from doubt." *Pa. AFL–CIO v. Commonwealth*, 757 A.2d 917, 920 (Pa. 2000). Any doubt should be resolved by a refusal to sustain them. *Id.*

### Subject Matter Jurisdiction

Because it is a threshold issue, the Court first addresses the Board's objection that this Court lacks subject matter jurisdiction. The Board advances three arguments in support of its objection. First, it maintains that Claimant failed to appeal the Board's decisions dated September 19, 2022. Second, it argues that Claimant's request for a hearing on the issue of whether he is entitled to a waiver of the Overpayment Determination is moot, as a referee already granted the waiver by decision entered April 27, 2023. *See* Board's Brief, Exhibit J. Third, the Board argues that Claimant is asking the Court to grant him relief that was not first adjudicated by the Department as required by the UC Law.

Claimant responds that his appeal of the Board's September 19, 2022 decisions would have provided an ineffective statutory remedy and been futile, since the Board's decisions acknowledge that it lacked jurisdiction over the specific issues he raised on appeal. Claimant additionally maintains that the Board abused its discretion in interpreting Claimant's counsel's January 13, 2022 letter to the UC Service Center as an appeal of Referee Weikel's decision. Finally, Claimant avers his procedural due process rights were denied by the termination of his PUA benefits without a determination or opportunity to be heard. In short, Claimant argues an original jurisdiction action in the nature of mandamus is the only way to have his

8

arguments requesting the expedited distribution of unpaid PUA benefits for the period of September 27, 2020, through August 27, 2021, without offset, and the waiver of the Overpayment Determination adjudicated.

This Court's subject matter jurisdiction emanates from article V, section 4 of the Pennsylvania Constitution[8] and Sections 761-764 of the Judicial Code, 42 Pa.C.S. §§ 761-764. Our original jurisdiction is set forth in Section 761 of the Judicial Code, which provides, in part:

> (a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> > (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]

42 Pa.C.S. § 761(a)(1).[9] In *Ivy Hill Congregation of Jehovah's Witnesses v. Department of Human Services*, 310 A.3d 742, 752-53 (Pa. 2024), our Supreme Court stated:

> Jurisdiction relates solely to the competence of a particular court or administrative body to determine controversies of the general class to which the case presented for consideration belongs. *See Commonwealth v. Donahue*, [] 98 A.3d 1223, 1233 ([Pa.] 2014). . . . The Commonwealth Court has original jurisdiction over any action brought against the Commonwealth government. 42 Pa.C.S. § 761(a); *see also Donahue*, 98 A.3d at 1233. The "Commonwealth government" includes departments, boards, commissions, authorities, officers, and agencies of

---

[8] "The Commonwealth Court shall be a statewide court, and shall consist of the number of judges and have such jurisdiction as shall be provided by law." PA. CONST. art. V, § 4.

[9] There are several exceptions to Section 761(a)(1), none of which are relevant here.

the Commonwealth. 42 Pa.C.S. § 102; *see also Donahue*, 98 A.3d at 1233.

As the Board and the Department are part of the Commonwealth government, this Court has subject matter jurisdiction over a mandamus action against them. Accordingly, the Board's preliminary objection on the basis of subject matter jurisdiction is overruled.

### Failure to Exhaust Statutory Remedies

As it is dispositive, the Court next addresses the Board's objection on the basis of failure to exhaust statutory remedies. The administrative process for unemployment compensation claims is set forth in the UC Law. Section 501 directs that applications for unemployment compensation must first be examined by the Department. 43 P.S. § 821. Where an appeal from the Department's initial determination is taken, "a referee shall, after affording the parties and the [D]epartment reasonable opportunity for a fair hearing, affirm, modify, or reverse such findings of fact . . . ." Section 502 of the UC Law, 43 P.S. § 822. Under Section 504, appeals from the referee's decision are heard by the Board, which may affirm, modify, or reverse. Section 504 of the UC Law, 43 P.S. § 824. Appeals from Commonwealth agencies like the Board are appealed to this Court in its appellate jurisdiction. 42 Pa.C.S. § 763.

Claimant's Petition for Review asks this Court to direct a referee hearing on his claim for PUA benefits for weeks beginning September 27, 2020 through August 27, 2021, or award the monetary amount of those benefits directly. However, before a referee's hearing can take place, the UC Law requires the Department to first examine the application for unemployment compensation benefits and issue an initial determination. Claimant appears to argue that he requested an initial determination from the Department for PUA benefits for the weeks at issue, but this

10

Court's review of Claimant's allegations in the Petition for Review shows this was not properly done. Claimant first mentions requesting a "redetermination of benefits" via a July 1, 2021 email appealing the Overpayment Determination issued June 16, 2021. Petition for Review ¶ 12. Claimant next submits that he "supplemented" the July 1st appeal by letter dated August 24, 2021, which "requested a recalculation of benefits and payment of approximately eleven months of unpaid PUA benefits that [Claimant] never received." *Id.* ¶ 16. On January 13, 2022, again via letter, Claimant requested the emergent distribution of unpaid PUA benefits for the weeks of September 27, 2020, through August 27, 2021. *Id.*, Exhibit B.

As to the January 13, 2022 letter, Claimant maintains that the Department improperly considered this correspondence as an appeal of Referee Weikel's January 4, 2022 Order. However, the Court notes that the January 13, 2022 letter specifically references the claim number related to Referee Weikel's determination, and specifically states that the letter was written "in response to the PUA Appeals Referee Decisions received by [Claimant] dated January 4, 2022." *Id.* Contrary to Claimant's assertions, neither the January 13, 2022 letter, nor the July 1, 2021 email and August 24, 2021 supplementation thereof, were sufficient to constitute an initial claim for PUA benefits for weeks beginning September 27, 2020 through August 27, 2021, that would trigger the administrative appeals process prescribed by the UC Law. In other words, Claimant missed the first step. Instead of filing an initial claim and receiving an initial determination from the Department, he piggybacked his request for benefits for the period at issue to correspondence that appealed unrelated UC determinations.

Section 501 of the UC Law is clear—applications for unemployment compensation must first be examined by the Department, and guidance from the Department directs that initial claims for PUA benefits must be done through the PUA portal. *See* Pennsylvania Department of Labor and Industry, Pandemic Unemployment Assistance (PUA) Portal for Claimants (May 2020), https://pua.benefits.uc.pa.gov/admin/gsipub/htmlarea/uploads/Pandemic_Unemplo yment_Assistance_(PUA)_Portal_Claimants_Guide.pdf (last visited September 6, 2024).[10] While Claimant complains of inability to access the PUA portal, the Department's guidance provides that "[i]f you require assistance with registering, filing your claim, or doing weekly certifications, contact staff at your local unemployment office, as they are able to perform all these activities in the system on your behalf." *Id*.; *see also* Petition for Review ¶¶ 10, 11, 22. Because Claimant did not properly file an initial claim for the period of September 27, 2020, through August 27, 2021, he has failed to exhaust his statutorily afforded remedy.[11]

---

[10] While the Court is certainly sympathetic to Claimant's frustrations, the averments in the Petition for Review establish that Claimant requested benefits for the weeks at issue through appeals of unrelated determinations, which is insufficient to trigger the Department's obligation to issue an initial determination under Section 501 of the UC Law. 43 P.S. § 821.

[11] This situation is markedly different from one where an agency fails to afford a party relief that it has already requested. In that scenario, a party can challenge an agency's failure to act in one of two potential ways. The correct route depends on whether the agency's denial is final and appealable. When an agency merely "sit[s] on its hands" and does not act, mandamus can lie in our original jurisdiction to compel a decision. *Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1273 (Pa. Cmwlth. 2017), *aff'd*, 194 A.3d 563 (Pa. 2018). Or, when the agency formally denies relief or a hearing, that final action is within our appellate jurisdiction. *O'Brien v. State Employes' Ret. Sys.*, 469 A.2d 1008, 1011 (Pa. 1983) (emphasis added); *Simmons v. Cohen*, 534 A.2d 140, 145 (Pa. Cmwlth. 1987) (emphasis added), *aff'd sub nom. Simmons v. White*, 574 A.2d 600 (Pa. 1990). But neither of these doctrines apply until an agency is subject to a proper request for some action. Here, without an initial claim for benefits from Claimant, there is no statutory duty for the Board to act. Thus, mandamus will not yet lie to compel action. Instead, Claimant must exhaust the available remedy, first by correctly requesting it. Claimant could appeal a denial of that request.

Accordingly, the Court grants the Board's preliminary objection on this basis and dismisses Claimant's Petition for Review against the Board and the Department.[12]

## Conclusion

For the reasons articulated above, the Board's preliminary objection on the basis of subject matter jurisdiction is overruled. The Board's and the Department's preliminary objections on the basis of failure to exhaust statutory remedies are sustained, and Claimant's Petition for Review against the Board and the Department is dismissed. The remaining preliminary objections filed by the Board and the Department are dismissed as moot.

_____
MATTHEW S. WOLF, Judge

---

[12] While styled as a preliminary objection to the legal sufficiency of Claimant's mandamus claim, *see* Pa.R.Civ.P. 1028(a)(4), the Department's demurrer raises the same exhaustion arguments presented by the Board. *See* Department's Preliminary Objections ¶¶ 70, 73. Thus, the Department's demurrer, which we treat as a preliminary objection on the basis of failure to exhaust administrative remedies, is sustained and Claimant's Petition for Review is also dismissed as to the Department.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Batuhan Dogrusoz, : 
                Petitioner : 
     v. :   No. 230 M.D. 2023
: 
PA Department of Labor and Industry, : 
UC Board of Review and : 
PA Department of Labor and Industry, : 
Office of Unemployment : 
Compensation, : 
              Respondents

## O R D E R

AND NOW, this 9th day of September 2024, the Department of Labor and Industry, UC Board of Review's (Board) Preliminary Objection pursuant to Pa.R.Civ.P. 1028(a)(1) is OVERRULED. The Board's Preliminary Objection pursuant to Pa.R.Civ.P. 1028(a)(7) and the Department of Labor and Industry, Office of Unemployment Compensation's (Department) Preliminary Objection pursuant to Pa.R.Civ.P. 1028(a)(4) are SUSTAINED and Batuhan Dogrusoz's "Complaint in Mandamus" filed against the Board and the Department is DISMISSED.

All remaining Preliminary Objections filed by the Board and by the Department are DISMISSED as MOOT.

_____
MATTHEW S. WOLF, Judge